relating to L&P Foam, plus costs, and award such other and further relief as this Court deems reasonable and just.

## COUNT III
(Breach of Implied Warranty - Fitness for Particular Purpose)

1-18. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 of Count I of this Complaint as Paragraphs 1 through 18 of this Count III as if fully set forth herein.

19. Defendant sold L&P Foam to Clarin.

20. Before Defendant sold L&P Foam to Clarin, Defendant knew or had reason to know that this foam would be utilized by Clarin in the seat cushions and backs of its folding chairs.

21. Clarin relied on Defendant's skill and judgment concerning the fitness of L&P Foam for use in the seat cushions and backs of its folding chairs when it agreed to purchase this foam from Defendant.

22. The L&P Foam was not fit for use in the seat cushions and backs in folding chairs manufactured and sold by Clarin.

23. The implied warranty of fitness for particular purpose relating to L&P Foam was never modified or excluded.

24. Clarin has sustained damages in an amount to be proven at trial in excess of $400,000 as a proximate result of Defendant's breach of the implied warranty of fitness for the particular purpose relating to L&P Foam.

WHEREFORE, Plaintiff Greenwich Industries, L.P. prays that this Court enter judgment in its favor and against Defendant Leggett & Platt, Incorporated in the amount of damages proven at trial to be proximately-related to Defendant's breach of the implied warranty of fitness for the