IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREENWICH INDUSTRIES, L.P., a Delaware limited partnership, | ) ) ) | |
| Plaintiff, | ) ) | No. 07 C 6550 |
| v. | ) ) ) | |
| LEGGETT & PLATT, INCORPORATED, a Missouri corporation, | ) ) ) | Judge John F. Grady Magistrate Judge Geraldine S. Brown |
| Defendant. | ) ) | |

## AMENDED COMPLAINT

Plaintiff Greenwich Industries, L.P., by its attorneys, Robert F. Rabin and the law firm of Robbins, Salomon & Patt, Ltd., for its Amended Complaint, states and alleges as follows:

1. Plaintiff is a Delaware limited partnership which maintains its principal place of business in Lake Bluff, Illinois.

2. Defendant Leggett & Platt, Incorporated is a Missouri corporation that, upon information and belief, maintains its principal place of business in Carthage, Missouri.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), as the amount in controversy (exclusive of interest and costs) exceeds $75,000 and there is complete diversity of citizenship between the parties hereto since Defendant is a citizen of the State of Missouri and none of Plaintiff's limited partners, general partners or principals is a citizen of the State of Missouri.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a)(2) since a substantial part of the events giving rise to this lawsuit occurred in this district, as the underlying contract which is the subject of this lawsuit was negotiated, reached and performed solely within this district.

5. One of Plaintiff's divisions is Clarin, a domestic manufacturer of seating products whose customers include stadiums, arenas, public assemblies, professional sports teams, colleges and places of worship.

6. In the spring of 2004, Clarin was solicited by Defendant's representatives to quote and supply foam products for use in the seat cushions and backs of Clarin's folding chairs.

7. In or about May 2004, Clarin's employees provided samples to Defendant's representatives of the 1.8 density (60 IFD) foam that Clarin was using at that time (the "Existing Foam"), furnished Clarin's written foam specifications to these representatives, and advised these representatives about the particular purpose for which this foam would be utilized.

8. In or about late-May 2004 or early-June 2004, Clarin received sample 1.5 density foam products from Defendant (the "L&P Foam"). When L&P Foam was initially provided to Clarin, Defendant's representatives represented to Clarin's employees that this foam was the same as the Existing Foam and would perform in the same manner.

9. In reliance upon Defendant's skill and judgment relating to foam products and Defendant's employees' representations concerning L&P Foam, Clarin first began purchasing L&P Foam from Defendant in or about September 2004 for use in certain of the folding chairs it manufactured.

10. Between February 2005 and February 2006, Clarin sold more than 46,000 folding chairs to the Church of Jesus Christ of Latter-Day Saints (the "Church") containing L&P Foam in the seat cushions and backs thereof (the "Church Chairs").

11. In February 2006, Clarin was first advised by the Church that the cushions in the Church Chairs were not recovering their original form after limited use.

12. Clarin subsequently obtained samples from the Church of foam cushions from the Church Chairs, which cushions were lumpy, sagging and otherwise failing.

13. In or about February 2006 and March 2006, Clarin's employees met with several of Defendant's representatives, including John Altmeyer and Joseph Progar, to discuss the problems with L&P Foam.

14. During one of these meetings, Messrs. Altmeyer and Progar acknowledged to Clarin's employees that (a) L&P Foam was manufactured and sold by Defendant primarily for packaging purposes, (b) L&P Foam was not tested by Defendant for quality assurance purposes, and (c) the defects in L&P Foam were probably the result of a curing problem due, in part, to the amount of filler material used to manufacture this foam.

15. Clarin has already expended in excess of $400,000 to remove and replace L&P Foam contained in approximately 25,500 of the Church Chairs, and expects to expend an additional $350,000 to remove and replace L&P Foam in the remaining 20,500 Church Chairs containing this defective foam.

## COUNT I
(Breach of Contract)

1-15. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 15 of this Amended Complaint as Paragraphs 1 through 15 of this Count I as if fully set forth herein.

16. Clarin and Defendant entered into a contract relating to L&P Foam (the "Contract").

17. Clarin paid approximately $73,000 to Defendant pursuant to the Contract for L&P Foam installed in the Church Chairs.

18. Plaintiff has performed all of its duties, obligations and conditions precedent required under the Contract.

19. Defendant breached the Contract since L&P Foam installed in the Church Chairs was defective.

20. Clarin has sustained damages of at least $73,000 as a proximate result of Defendant's breach of the Contract.

WHEREFORE, Plaintiff Greenwich Industries, L.P. prays that this Court enter judgment in its favor and against Defendant Leggett & Platt, Incorporated in the amount of damages proven at trial to be proximately-related to Defendant's breach of the Contract, plus costs, and award such other and further relief as this Court deems reasonable and just.

## COUNT II
(Breach of Implied Warranty - Merchantability)

1-18. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 of Count I of this Amended Complaint as Paragraphs 1 through 18 of this Count II as if fully set forth herein.

19. Defendant manufactures foam products and holds itself out as having knowledge and skill peculiar to such products.

20. Defendant sold L&P Foam to Clarin.

21. The L&P Foam was not of merchantable quality since it was unfit for the ordinary purpose for which such foam is used.

22. The implied warranty of merchantability relating to L&P Foam was never modified or excluded.

23. Clarin has sustained damages in an amount to be proven at trial in excess of $400,000 as a proximate result of Defendant's breach of the implied warranty of merchantability relating to L&P Foam.

WHEREFORE, Plaintiff Greenwich Industries, L.P. prays that this Court enter judgment in its favor and against Defendant Leggett & Platt, Incorporated in the amount of damages proven at trial to be proximately-related to Defendant's breach of the implied warranty of merchantability

relating to L&P Foam, plus costs, and award such other and further relief as this Court deems reasonable and just.

## COUNT III
(Breach of Implied Warranty - Fitness for Particular Purpose)

1-18. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 of Count I of this Amended Complaint as Paragraphs 1 through 18 of this Count III as if fully set forth herein.

19. Defendant sold L&P Foam to Clarin.

20. Before Defendant sold L&P Foam to Clarin, Defendant knew or had reason to know that this foam would be utilized by Clarin in the seat cushions and backs of its folding chairs.

21. Clarin relied on Defendant's skill and judgment concerning the fitness of L&P Foam for use in the seat cushions and backs of its folding chairs when it agreed to purchase this foam from Defendant.

22. The L&P Foam was not fit for use in the seat cushions and backs in folding chairs manufactured and sold by Clarin.

23. The implied warranty of fitness for particular purpose relating to L&P Foam was never modified or excluded.

24. Clarin has sustained damages in an amount to be proven at trial in excess of $400,000 as a proximate result of Defendant's breach of the implied warranty of fitness for the particular purpose relating to L&P Foam.

WHEREFORE, Plaintiff Greenwich Industries, L.P. prays that this Court enter judgment in its favor and against Defendant Leggett & Platt, Incorporated in the amount of damages proven at trial to be proximately-related to Defendant's breach of the implied warranty of fitness for the

particular purpose relating to L&P Foam, plus costs, and award such other and further relief as this Court deems reasonable and just.

                              GREENWICH INDUSTRIES, L.P.

                By:    /s/ Robert F. Rabin
                         One of its Attorneys

Robert F. Rabin
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, Illinois 60602
(312) 782-9000

## CERTIFICATE OF FILING

Robert F. Rabin, an attorney, certifies that on January 2, 2008, he caused the foregoing Amended Complaint to be electronically filed using the CM/ECF system of the United States District Court for the Northern District of Illinois.

/s/ Robert F. Rabin

B73990
11/28/07