IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREENWICH INDUSTRIES, L.P., a Delaware limited partnership, | )<br>)<br>) Case No. 07 C 6550 |
| Plaintiff, | )<br>) |
| v. | ) Judge John F. Grady<br>)<br>) Magistrate Judge Geraldine S. Brown |
| LEGGETT & PLATT, INCORPORATED, a Missouri corporation, | )<br>)<br>) |
| Defendant. | ) **JURY TRIAL DEMANDED**<br>) |

## ANSWER AND DEFENSES OF LEGGETT & PLATT, INCORPORATED TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Leggett & Platt, Incorporated ("Leggett"), by its attorneys, Perkins Coie LLP, for its Answer and Defenses to Plaintiff's Amended Complaint, states as follows:

1.  Plaintiff is a Delaware limited partnership which maintains its principal place of business in Lake Bluff, Illinois.

**ANSWER:** Leggett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.  Defendant Leggett & Platt, Incorporated is a Missouri corporation that, upon information and belief, maintains its principal place of business in Carthage, Missouri.

**ANSWER:** Leggett admits the allegations contained in Paragraph 2 of the Amended Complaint.

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), as the amount in controversy (exclusive of interest and costs) exceeds $75,000 and there is complete diversity of citizenship between the parties hereto since Defendant is a citizen of the State of Missouri and none of Plaintiffs limited partners, general partners or principals is a citizen of the State of Missouri.

**ANSWER:** Leggett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2) since a substantial part of the events giving rise to this lawsuit occurred in this district, as the underlying contract which is the subject of this lawsuit was negotiated, reached and performed solely within this district.

**ANSWER:** Leggett admits that the transactions at issue were transacted and performed within this district. The remaining allegations contained in Paragraph 4 of the Amended Complaint constitute legal conclusions that do not require responses. To the extent responses are required, Leggett denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. One of Plaintiff's divisions is Clarin, a domestic manufacturer of seating products whose customers include stadiums, arenas, public assemblies, professional sports teams, colleges and places of worship.

**ANSWER:** Leggett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6. In the spring of 2004, Clarin was solicited by Defendant's representatives to quote and supply foam products for use in the seat cushions and backs of Clarin's folding chairs.

**ANSWER:** Leggett denies the allegations contained in Paragraph 6 of the Amended Complaint, as phrased, but admits that it had discussions with Clarin prior to sale of the foam at issue.

7. In or about May 2004, Clarin's employees provided samples to Defendant's representatives of the 1.8 density (60 IFD) foam that Clarin was using at that time (the "Existing Foam"), furnished Clarin's written foam specifications to these representatives, and advised these representatives about the particular purpose for which this foam would be utilized.

**ANSWER:** Leggett denies the allegations contained in Paragraph 7 of the Amended Complaint, but admits that it had discussions with Clarin prior to sale of the foam at issue.

8. In or about late-May 2004 or early-June 2004, Clarin received sample 1.5 density foam products from Defendant (the "L&P Foam"). When L&P Foam was initially provided to Clarin, Defendant's representatives represented to Clarin's employees that this foam was the same as the Existing Foam and would perform in the same manner.

**ANSWER:** Leggett admits that Clarin received samples of 1.5 density foam from

Leggett in 2004. Leggett denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. In reliance upon Defendant's skill and judgment relating to foam products and Defendant's employees' representations concerning L&P Foam, Clarin first began purchasing L&P Foam from Defendant in or about September 2004 for use in certain of the folding chairs it manufactured.

**ANSWER:** Leggett admits that Clarin first began purchasing foam products from Leggett in 2004. Leggett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Between February 2005 and February 2006, Clarin sold more than 46,000 folding chairs to the Church of Jesus Christ of Latter-Day Saints (the "Church") containing L&P Foam in the seat cushions and backs thereof (the "Church Chairs").

**ANSWER:** Leggett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11. In February 2006, Clarin was first advised by the Church that the cushions in the Church Chairs were not recovering their original form after limited use.

**ANSWER:** Leggett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12. Clarin subsequently obtained samples from the Church of foam cushions from the Church Chairs, which cushions were lumpy, sagging and otherwise failing.

**ANSWER:** Leggett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. In or about February 2006 and March 2006, Clarin's employees met with several of Defendant's representatives, including John Altmeyer and Joseph Progar, to discuss the problems with L&P Foam.

**ANSWER:** Leggett admits that it met with Clarin on more than one occasion beginning in February of 2006 to discuss the alleged problems with the foam provided to Clarin by Leggett. To the extent not admitted herein, Leggett denies the allegations contained in

Paragraph 13 of the Amended Complaint.

14. During one of these meetings, Messrs. Altmeyer and Progar acknowledged to Clarin's employees that (a) L&P Foam was manufactured and sold by Defendant primarily for packaging purposes, (b) L&P Foam was not tested by Defendant for quality assurance purposes, and (c) the defects in L&P Foam were probably the result of a curing problem due, in part, to the amount of filler material used to manufacture this foam.

**ANSWER:** Leggett denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Clarin has already expended in excess of $400,000 to remove and replace L&P Foam contained in approximately 25,500 of the Church Chairs, and expects to expend an additional $350,000 to remove and replace L&P Foam in the remaining 20,500 Church Chairs containing this defective foam.

**ANSWER:** Leggett denies that the foam provided to Clarin by Leggett is defective. Leggett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Amended Complaint.

## COUNT I
### (Breach of Contract)

1–15. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 15 of this Amended Complaint as Paragraphs 1 through 15 of this Count I as if fully set forth herein.

**ANSWER:** Leggett incorporates by reference its responses to Paragraphs 1 through 15 of the Amended Complaint.

16. Clarin and Defendant entered into a contract relating to L&P Foam (the "Contract").

**ANSWER:** Leggett admits that Clarin offered to purchase foam from Leggett and that Leggett agreed to deliver and sell foam to Clarin. The remaining allegation contained in Paragraph 16 of Count I of the Amended Complaint constitutes a legal conclusion that does not require a response. To the extent a response is required, Leggett denies the remaining allegation contained in Paragraph 16 of Count I of the Amended Complaint.

17. Clarin paid approximately $73,000 to Defendant pursuant to the Contract for L&P

Foam installed in the Church Chairs.

**ANSWER:** Leggett admits that Clarin paid money to Leggett for some of the foam products, but is without knowledge of information sufficient to form a belief regarding how much money was paid for foam that was installed in church chairs and how much foam was used elsewhere. Leggett specifically denies that Clarin has paid Leggett in full for all of the foam that it sold to Clarin. To the extent not admitted herein, Leggett denies the allegations contained in Paragraph 17 of Count I of the Amended Complaint.

18. Plaintiff has performed all of its duties, obligations and conditions precedent required under the Contract.

**ANSWER:** Leggett denies the allegations contained in Paragraph 18 of Count I of the Amended Complaint.

19. Defendant breached the Contract since L&P Foam installed in the Church Chairs was defective.

**ANSWER:** Leggett denies the allegations contained in Paragraph 19 of Count I of the Amended Complaint.

20. Clarin has sustained damages of at least $73,000 as a proximate result of Defendant's breach of the Contract.

**ANSWER:** Leggett denies the allegations contained in Paragraph 20 of Count I of the Amended Complaint.

WHEREFORE, Defendant Leggett & Platt, Incorporated respectfully requests that the Court deny the relief requested by Plaintiff in Count I of the Complaint; that judgment be entered in Leggett's favor and against Plaintiff dismissing Plaintiff's Amended Complaint on the merits with prejudice; that Leggett be awarded its costs; and that the Court award such other and further relief in favor of Leggett as it deems equitable and just.

## COUNT II
### (Breach of Implied Warranty — Merchantability)

1–18.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 of Count I of this Amended Complaint as Paragraphs 1 through 18 of this Count II as if fully set forth herein.

**ANSWER:**   Leggett incorporates by reference its responses to Paragraphs 1 through 18 of Count I of the Amended Complaint.

19.   Defendant manufactures foam products and holds itself out as having knowledge and skill peculiar to such products.

**ANSWER:**   Leggett admits that it manufactured foam products during the relevant time period at issue, but denies the remaining allegations contained in Paragraph 19 of Count II of the Amended Complaint. Leggett specifically denies that it held itself out to Clarin as having any superior knowledge to Clarin of the foam products to be used by Clarin.

20.   Defendant sold L&P Foam to Clarin.

**ANSWER:**   Leggett admits that it sold 1.5 density foam products to Clarin.

21.   The L&P Foam was not of merchantable quality since it was unfit for the ordinary purpose for which such foam is used.

**ANSWER:**   Leggett denies the allegations contained in Paragraph 21 of Count II of the Amended Complaint.

22.   The implied warranty of merchantability relating to L&P Foam was never modified or excluded.

**ANSWER:**   The allegations contained in Paragraph 22 of Count II of the Amended Complaint constitute legal conclusions that do not require responses. To the extent responses are required, Leggett denies the allegations contained in Paragraph 22 of Count II of the Amended Complaint.

23.   Clarin has sustained damages in an amount to be proven at trial in excess of $400,000 as a proximate result of Defendant's breach of the implied warranty of merchantability relating to L&P Foam.

**ANSWER:** Leggett denies the allegations contained in Paragraph 23 of Count II of the Amended Complaint.

WHEREFORE, Defendant Leggett & Platt, Incorporated respectfully requests that the Court deny the relief requested by Plaintiff in Count II of the Complaint; that judgment be entered in Leggett's favor and against Plaintiff dismissing Plaintiff's Amended Complaint on the merits with prejudice; that Leggett be awarded its costs; and that the Court award such other and further relief in favor of Leggett as it deems equitable and just.

## COUNT III
### (Breach of Implied Warranty — Fitness for Particular Purpose)

1–18. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 of Count I of this Amended Complaint as Paragraphs 1 through 18 of this Count III as if fully set forth herein.

**ANSWER:** Leggett incorporates by reference its responses to Paragraphs 1 through 18 of Count I of the Amended Complaint.

19. Defendant sold L&P Foam to Clarin.

**ANSWER:** Leggett admits that it sold 1.5 density foam products to Clarin.

20. Before Defendant sold L&P Foam to Clarin, Defendant knew or had reason to know that this foam would be utilized by Clarin in the seat cushions and backs of its folding chairs.

**ANSWER:** Leggett denies the allegations contained in Paragraph 20 of Count III of the Amended Complaint. Leggett further denies that it knew or had reason to know the specific purpose and specific seats for which Clarin intended to use the foam products purchased from Leggett.

21. Clarin relied on Defendant's skill and judgment concerning the fitness of L&P Foam for use in the seat cushions and backs of its folding chairs when it agreed to purchase this foam from Defendant.

**ANSWER:** Leggett denies the allegations contained in Paragraph 21 of Count III of

the Amended Complaint. Leggett further states that Clarin represented to Leggett that Clarin had performed its own testing on such foam products.

22. The L&P Foam was not fit for use in the seat cushions and backs in folding chairs manufactured and sold by Clarin.

**ANSWER:** Leggett denies the allegations contained in Paragraph 22 of Count III of the Amended Complaint.

23. The implied warranty of fitness for particular purpose relating to L&P Foam was never modified or excluded.

**ANSWER:** The allegations contained in Paragraph 23 of Count III of the Amended Complaint constitute legal conclusions that do not require responses. To the extent responses are required, Leggett denies the allegations contained in Paragraph 23 of Count III of the Amended Complaint.

24. Clarin has sustained damages in an amount to be proven at trial in excess of $400,000 as a proximate result of Defendant's breach of the implied warranty of fitness for the particular purpose relating to L&P Foam.

**ANSWER:** Leggett denies the allegations contained in Paragraph 24 of Count III of the Amended Complaint.

WHEREFORE, Defendant Leggett & Platt, Incorporated respectfully requests that the Court deny the relief requested by Plaintiff in Count III of the Complaint; that judgment be entered in Leggett's favor and against Plaintiff dismissing Plaintiff's Amended Complaint on the merits with prejudice; that Leggett be awarded its costs; and that the Court award such other and further relief in favor of Leggett as it deems equitable and just.

## DEFENSES

1. The Amended Complaint fails to state claim for which relief may be granted.

2. Any damages sought by Clarin cannot be recovered because Clarin failed to mitigate its damages.

3. Clarin's claims are barred to the extent Clarin failed to provide notice of breach of warranty to Leggett within a reasonable time after Clarin discovered or should have discovered any breach of warranty.

4. Clarin's claims are barred because, before purchasing any foam products at issue from Leggett, Clarin was provided samples and either examined these samples as fully as desired or refused to examine them, and any defects alleged herein ought to have been apparent to Clarin from such examination.

5. Clarin's claims are barred because Leggett specifically advised Clarin that it provided no warranty for specific use results or suitability for specific applications.

WHEREFORE, Defendant Leggett & Platt, Incorporated respectfully requests that judgment be entered in Leggett's favor and against Plaintiff dismissing Plaintiff's Amended Complaint on the merits with prejudice; that Leggett be awarded its costs; and that the Court award such other and further relief in favor of Leggett as it deems equitable and just.

Dated: January 25, 2008                           **LEGGETT & PLATT, INCORPORATED**


                                                  By:  /s/Jason A. Burlingame
                                                       One of Its Attorneys


Matthew J. Gehringer
Jason A. Burlingame
Jonathan R. Buck
PERKINS COIE LLP
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of January, 2008, a copy of the foregoing **Answer and Defenses of Leggett & Platt, Incorporated to Plaintiff's Amended Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

>Robert F. Rabin
>ROBBINS, SALOMON & PATT, LTD.
>25 East Washington Street
>Suite No. 1000
>Chicago, Illinois 60602

/s/Jason A. Burlingame