## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6550 | **DATE** | April 3, 2008 |
| **CASE TITLE** | Greenwich Ind. v. Leggett & Platt | | |

**DOCKET ENTRY TEXT**

Rule 16 conference held in chambers.    Discovery should proceed forthwith and a further status conference will be held on June 4, 2008 at 10:30 a.m.

__x__ [ For further details see text below.]                    Docketing to mail notices.

:30

### STATEMENT

In this diversity case, plaintiff, a chair manufacturer, purchased foam from the defendant which the plaintiff used in the manufacture of chairs sold to the Mormon church and perhaps other customers as well.  Plaintiff claims that the foam was defective in that it did not spring back to its original contour and instead tended to flatten out upon use.  The Mormon church complained and the plaintiff replaced the foam in the chairs with foam obtained from another source.  Forty-six thousand chairs were involved, and the amount of the claim at this point is about $400,000.

   At today's conference, the court suggested to the parties that the primary issue here is whether the foam was suitable for the obvious use of providing suitable cushion for a chair.  If it was satisfactory for that purpose, plaintiff has no claim.  If it was not, then the court is inclined to believe that there are no complicated questions of warranties or representations involved; rather, the use to which the plaintiff intended to put the foam must have been obvious to the parties at the time of the contract, and if the foam failed to meet the requirements of that purpose, it would appear that plaintiff has a valid claim.

   Therefore, the court suggests that the parties devote their initial discovery activities to an ascertainment of whether the foam was in fact unsatisfactory as the plaintiff claims.  (Another aspect of the case is that defendant says plaintiff failed to inspect the sample it was provided and that this failure contributed to the problem.  The court has no suggestion as to that issue.)

   Discovery should proceed forthwith and a further status conference will be held on June 4, 2008 at 10:30 a.m.