IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREENWICH INDUSTRIES, L.P., a Delaware limited partnership,<br><br>    Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED, a Missouri corporation,<br><br>    Defendant. | )<br>)<br>)  Case No. 07 C 6550<br>)<br>)  Judge John F. Grady<br>)<br>)  Magistrate Judge Geraldine S. Brown<br>)<br>)<br>)<br>) |

## AGREED PROTECTIVE ORDER

Plaintiff, Greenwich Industries, L.P., by its undersigned counsel, and Defendant, Leggett & Platt, Incorporated, by its undersigned counsel, hereby stipulate to entry of this protective order.

NOW THEREFORE, the parties stipulate and IT IS ORDERED that the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery in this action:

1.  <u>Scope of Order: Documents and Information Covered</u>. Any party who is requested in connection with this action to produce documents and/or information which contains information of a confidential nature may designate such documents and information as "confidential material" in the manner provided in Paragraph 2. For purposes of this Order, documents and information may be designated as "confidential material" if they contain any trade secret, including but not limited to product formulas or manufacturing process information maintained as confidential by the producing party, or other confidential commercial information that contains business or financial information of a personal or non-public nature. Once a

document or information is so designated, production or disclosure of that document or information shall be governed by the terms of this Order unless such designation is withdrawn, either by agreement of the designating party or by order of the Court. For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

2. <u>Manner of Designation of Confidential Material</u>. Any party or third party may designate all or any portion of a document as "confidential material." The designation of confidential material in a document shall be made by placing or affixing on each page to be designated confidential, in a manner that will not interfere with its legibility, the legend: "CONFIDENTIAL" or such other confidential designation consistent with the purpose of this Order. With respect to any deposition exhibit or transcript, or any portion thereof, that designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked and, if filed, filed under seal. With respect to answers to interrogatories, to requests for production of documents, and to requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

3. <u>Disputes Concerning Propriety of Confidential Designation</u>. Any party and/or any interested member of the public may dispute the designation of particular material or information contained in a document designated as confidential under Paragraph 1. If any party

or interested member of the public believes that material which has been so designated should not be so designated, such party or person, after first attempting to resolve the dispute informally, may submit such dispute to the Court, by duly noticed written motion for resolution. Material or information claimed to be confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, under further order of the Court, be treated as confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute. The party asserting the confidential nature of any document or information shall have the burden of proof of establishing the appropriateness of any confidential designation which is challenged or disputed by any other party or interested member of the public.

4.  Persons To Whom Confidential Material May Be Disclosed. Counsel for each party who obtains a document or information designated confidential under this Order shall not disclose or permit disclosure of such information or document (any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

(a) Employees of Counsel. Disclosure may be made to employees of counsel who have direct functional responsibility for the preparation for, and proceedings concerning, this action or any appeal therein. Any employees to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other then those authorized persons listed in this paragraph.

(b) The Parties. Disclosure may be made to the parties.

(c) Employees of Asset Purchaser. Disclosure may be made to employees of the current operator of the facility at which the foam products at issue in this lawsuit were manufactured, Advanced Urethane Technologies, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told that they are bound by the terms of the Order and are required not to disclose proprietary or confidential information which may be contained in the documents or information designated as confidential.

(d) <u>Experts and Consultants</u>. Disclosure may be made to consultants or experts, employed by any party or counsel to any part to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such consultants or experts who have direct functional responsibility for assisting the consultant or expert as part of his or her employment in connection with this action. Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. Counsel that disclosed such confidential documents or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

(e) <u>Testifying Witnesses</u>. Disclosure may be made to persons who may be called to testify under oath in the context of a deposition in connection with the prosecution/defense of this action, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told that they are bound by the terms of the Order and are required not to disclose proprietary or confidential information which may be contained in the documents or information designated as confidential.

(f) <u>Disclosure to Court Reporters.</u> Disclosure may be made at any time to any Court reporter responsible for transcribing depositions or hearings in this matter.

(g) <u>Disclosure to the Court</u>. Disclosure may be made at any time to the United States District Court for the Northern District of Illinois and the Seventh Circuit Court of Appeals, or any judge, clerk, or employee with responsibility over this lawsuit, provided that any such disclosure shall be by sealed submission.

5. <u>No Use Permitted for Business or Competitive Purposes</u>. Documents or information designated as confidential under this Order (and their contents or information revealing their contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraph 4, in (a) any litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, this action and any appeal therein.

6. <u>Pleadings and Brief To Be Filed Under Seal</u>. The parties shall seek a Court order allowing any pleading, brief, or other document that discusses the contents of or incorporates any confidential material to be filed under seal.

7. <u>Custodian of Confidential Material</u>. The signatories to this Order shall be deemed Custodians of any confidential materials that they, their law firms, or any experts or consultants responsible for compliance with this Order.

8. <u>Copies and Confidential Material</u>. Counsel for the parties understand the sensitive nature of confidential material, and agree to limit their copying of confidential documents or information to that which is necessary for the orderly and efficient prosecution/defense of this litigation. Copies of confidential documents, and the documents prepared by an expert or consultant that incorporate or reveal confidential information or information from confidential documents, shall be subject to the same treatment hereunder as are the original documents or information produced.

9. <u>No Waiver or Admission</u>. The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information in contemplation of law.

10. <u>Notification Upon Improper Disclosure</u>. If any information or documents designated as confidential material (or their contents) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of

the person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by each unauthorized person who receives such information.

11. <u>Disposition of Confidential Material Upon Final Determination of this Action</u>. Within thirty days following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a certificate in the form attached hereto as Exhibit B ("Certificate"), certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential materials covered by this Order, and that all such files have been purged of all such confidential materials. Pursuant to the terms of the Certificate each part and its counsel shall further certify that all confidential materials delivered to it, including confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential materials have been destroyed. Upon delivery of such Certificates and accompanying documents or information by all parties to this action, the jurisdiction of the Court to enforce this Order shall terminate.

12. <u>No Restriction on Designating Party's Use of Confidential Materials</u>. Notwithstanding any other provision of this Order, the party producing to another party material designated as confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

13. <u>No Restriction on Non-designating Party's Use of Materials in its Possession</u>. Notwithstanding any other provision of this Order, the party who receives documents or information designated as confidential by the sending party does not lose the freedom to deal in

any manner as it may legally have done so prior to production of such confidential documents or information in its possession which (a) are copies of documents or information subsequently received with a confidential designation, or (b) contain information also contained in documents subsequently received with a confidential designation.

14. <u>No Restriction on Asserting Privileges</u>. Nothing in this Order shall be deemed to waive any legally cognizable privilege to any document or information.

15. <u>No Restriction on Offering Evidence at Trial</u>. Documents containing confidential information may be disclosed at trial or offered in evidence at trial of this action, subject to the rules of evidence and subject to further orders of this Court. This Protective Order shall not apply to the Final Pretrial Order or to Trial in this case.

Agreed to by:

_____
Attorney for Plaintiff Greenwich Industries, L.P.

James M. DeZelar
ROBBINS, SALOMON & PATT, LTD.
25 East Washington Street
Suite No. 1000
Chicago, Illinois 60602
Tel: (312) 782-9000

_____
Attorney for Defendant Leggett & Platt, Incorporated

Perkins Coie LLP
131 South Dearborn Street
Suite No. 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

ENTERED:
DATED: 6-4-08

## EXHIBIT A

### **CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge that I have received a copy of the Agreed Protective Order for the protection of documents that was executed by and between Greenwich Industries, L.P. and Leggett & Platt, Incorporated and entered by the Court on June ___, 2008, and pertaining to litigation pending between them in the United States District Court, Northern District of Illinois, Eastern Division, Case No. 07 C 6550, and have been asked by counsel to receive, see or review certain materials or information that have been designated as "Confidential Materials" within the terms of the Protective Order, that I have read said Protective Order and that I agree to be bound by and will honor all of the provisions thereof. I understand that said Protective Order prohibits oral or written dissemination of the confidential information contained in the materials subject to the Protective Order as well as the documents themselves. I understand that the Protective Order is a legally binding document and, upon my acceptance of the Confidential Materials, is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court, Northern District of Illinois, Eastern Division, or such other Court in the State of Illinois as the disclosing party might choose, for enforcement of any claimed violation of the terms of the Protective Order, or this "Confidentiality Agreement," and agree that such jurisdiction shall survive the termination of the lawsuit.

DATED: _____

_____

_____
WITNESS

## EXHIBIT B

## AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY AGREEMENT

_____, being duly sworn on oath, does depose and state as follows:

(1) As of this ____ day of _____, ____, I have destroyed or returned to _____ all Confidential Materials, which are subject to an Agreed Protective Order by and between Greenwich Industries, L.P. and Leggett & Platt, Incorporated and entered by the Court on June ___, 2008, and pertaining to litigation pending between them in the United States District Court, Northern District of Illinois, Eastern Division, Case No. 07 C 6550.

(2) I have complied with the terms of that Protective Order and agree to abide by its terms in the future with respect to such Confidential Materials.

STATE OF _____    )
                            ) ss.
COUNTY OF _____     )

SUBSCRIBED AND SWORN to this ____ day of _____, 20__.

_____
Notary Public

My Commission
Expires: _____